### KINGSLEY v YOCOM

Ohio Appeals, 3rd Dist, Marion Co
No. 713. Decided November 21, 1929

Messrs. Wiedeman, Patton & Wiedeman, Marion, for Kingsley.
Mr. Louis E. Myers, Marion, for Yocom.

CROW, J.

Section **5838 GC,** is in these words: "When a Dog May Be Killed; Owner Liable for Damages.—A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done."

That statute was construed by the Supreme Court of our state in the case of **Kleybolte v. Buffon, 89 OS. 61.**

Mindful as we are, of the general rule in Ohio, that the owner of premises owes to a trespasser thereon, no duty excepting the avoidance of wilful injury, that portion of the language we have quoted, which asserts that the liability is imposed regardless of the conduct of the keeper of a dog, precludes application of the rule which ordinarily exempts a keeper of premises from liability to a trespasser where there has been no intentional injury.

In the case of **Lisk Admr., v. Horn, 109 OS. 519,** the Supreme Court reiterates the doctrine of the Kleybolte case **supra.**

The absoluteness of the liability which

such a statute creates, was earlier announced by our Supreme Court when a statute similar in substance though not in form, provided liability of a keeper of a dog, for injuries to sheep, the case being that of **Job. v. Harlan, 13 OS. 485,** where the opinion at page 492, says:

"The liability of the owner is declared in express terms, and without any qualification."

These three cases we have referred to, are in line with the text in 3 Corpus Juris, page 101, as well as with the reasoning in the case of Whittet v. Bertsch, 97 Atlantic Reporter, 18.

Plaintiff in error is therefore clearly entitled to have the judgment of the court of common pleas reversed, and that of the municipal court affirmed, and such will be the judgment of this court.

Before Judges Hughes, Justice and Crow.