## SIEGFRIED et v EVERHART

Ohio Appeals, 9th Dist, Summit Co

No 2752.    Decided Nov 23, 1936

Beery, Underwood & Ryder, Akron, for plaintiffs in error.

Charles D. Evans, Akron, for defendant in error.

### OPINION

By WASHBURN, J.

In the trial court the parties appeared in reverse order. They will be referred to herein as they appeared in that court.

Plaintiff, Lue M. Everhart, sued Charles Siegfried and Anna Siegfried to recover damages for an injury suffered by plaintiff in being bitten by a dog harbored by defendants. Trial resulted in a judgment in favor of plaintiff.

There is very little dispute in the evidence as to the controlling facts.

One of the defendants went to call upon the plaintiff, and said defendant's dog accompanied him; and while plaintiff was either trying to hold her own dog to keep the two dogs from fighting, or else while trying to separate them, she was bitten by one of the dogs. The jury found, and we think was justified in finding, that it was said defendant's dog that did the biting, and that plaintiff was bitten while having a hold of her dog, attempting to prevent the dog fight which ensued.

We shall discuss but one claim of error, and that is the failure of the court to instruct the jury before argument as follows:

"2. If you find, by the greater weight of the evidence, that the injury sustained by the plaintiff was directly caused by the bite of the dog harbored by the defendants and by want of ordinary care on the part of the plaintiff directly contributed thereto, your verdict must be in favor of the defendants."

There were present the necessary elements to establish liability under the provisions of §5838, GC, to-wit, the ownership of the dog and the injury caused by the dog.

**Kleybolte v Buffon, 89 Oh St 61.**

In speaking of that case, the judge writing the opinion in the case of **Silverglade v Von Rohr, 107 Oh St 75,** at p. 79, said:

"The effect of that decision is to hold the owner or harborer of a dog liable, under §5838, GC, for all damages occasioned to a person who is chased, worried, injured, or killed by such dog, and the necessary elements to establish such liability are the ownership of the dog and the injury sustained because of the dog.

"Applying that doctrine to the instant case it was only necessary for the plaintiff to prove that the defendant was the owner of the dog, that the dog chased or worried plaintiff, that as a proximate result of such chasing or worrying plaintiff was injured, and the extent of the injury sustained."

It is urged, however, that said statute should not be so construed and applied in a situation such as is here presented, where there is no claim that the dog harbored by defendants was vicious, and where it is claimed that the injury was contributed to by negligence of the plaintiff.

The language of the statute is plain and unambiguous and contains no such exception. The general rule is that where the legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and in such case it is not the province of a court to introduce an exception by construction.

It is true that, in some states, in extraordinary situations, where the necessity is great, and where absurd or manifestly unjust consequences would otherwise certainly result, courts have recognized exceptions; but there are very few, if any, examples of such extraordinary situations to be found in the reported cases of the Supreme Court of Ohio. Our courts are committed to the proposition that the intention of the lawmakers is to be sought first of all in the language employed, and that, if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation; the question being, not what the general assembly intended to enact, but what the meaning is of that which it did enact; for the rule is that "that body should be held to mean what it has plainly expressed, and hence no room is left for construction." (**Slingluff v Weaver, 66 Oh St 621).**

In another case, the first paragraph of the syllabus is that—

"1. * * * The province of construction is to ascertain and give effect to the intention of the legislature, but its intention must be derived from the legislation and may not be invented by the court. To supply the intention and then give the statute effect according to such intention would not be construction but legislation."

**State ex Harkness v Roney, 82 Oh St.**

For other cases showing that the courts of Ohio recognize this general rule, see cases cited in 37 O. Jur., "Statutes," §454, p. 783.

If it can be said that, in Ohio, courts have power to create exceptions by construction where the words of the statute are plain and unambiguous, we are clearly of the opinion that no situation calling for the exercise of such power is presented by the record in this case.

While the specific question urged in this case may not have been especially referred to in the decisions of the courts of Ohio in reference to said statute (§5838, GC), the language used in said decisions plainly militates against the power of the court

to create exceptions in said statute by construction.

Kleybolte v Buffon, supra.

Silverglade v Von Rohr, supra.

Lisk v Hora, 109 Oh St 519.

Bevin v Griffiths, 44 Oh Ap 94, (13 Abs 284).

Kingsley v Yocum, 34 Oh Ap 226, (8 Abs 116.)

The last two lines of said §5838 GC read: "The owner or harborer of such dog shall be liable to a person damaged for the injury done," and "such dog" is described in said section as "a dog that * * * injures * * * a * * * domestic animal or person";. and the opinions of the Supreme Court justify the conclusion that such statute creates an "absolute liability", which "is in no sense dependent upon the negligence of such owner or keeper." (Silverglade v Von Rohr, supra).

As contributory negligence presupposes or implies negligence on the part of the other party and does not exist without it (29 O. Jur., "Negligence," §87, pp. 527-528), such holding precludes contributory negligence, as such, from being a defense in an action such as this is, and the trial court did not err in refusing to instruct the jury as requested.

We do not have before us a case where it might be urged that the injury was not proximately caused by the dog, but by the conduct of the injured person in teasing and provoking the dog or in violating the law against committing burglary or solely by the negligent conduct of the injured person. The situation presented by the record in the instant case is not such as to warrant us in attempting by construction to create any exception to said statutory liability. So far as this particular case is concerned, it was not prejudicial error for the trial court to liken the liability of the defendant to that of an insurer.

Finding no prejudicial error in the record, the judgment is affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.