By the Court.
 

 Mrs. Brandes had stepped out of a store, carrying a basket with her left hand and holding with her right hand a leash fastened to a harness upon her dog which she was leading.
 

 At the conclusion of a dog altercation on the oppo
 
 *224
 
 site- side of the street, the dog owned by the son of the plaintiff came across the street, attacked the Brandes dog and forced him down. Mrs. Brandes dropped her basket, caught the harness of her dog, pulled him close to her body and off his front feet. The plaintiff set down the package he was carrying and went to help Mrs. Brandes by grabbing or attempting to grab his son’s dog by the collar. The testimony is not clear as to exactly when the plaintiff lost a portion of his thumb, but there is no conflict as to whose dog did the damage.
 

 Section 5838, General Code, reads in part: “A dog that chases, worries, injures or kills a sheep, * * * or person, can be killed at any time or place; * * *. The owner or harborer of such dog shall be liable to a person damaged for the injury done.”
 

 That section imposes an absolute liability upon the owner of a dog, and
 
 scienter,
 
 fault, negligence or contributory negligence are not involved in a proceeding thereunder.
 
 Kleybolte
 
 v.
 
 Buffon,
 
 89 Ohio St., 61, 105 N. E., 192;
 
 Silverglade
 
 v.
 
 Von Rohr,
 
 107 Ohio St., 75, 140 N. E., 669;
 
 Lisk, Admr.,
 
 v.
 
 Hora,
 
 109 Ohio St., 519, 143 N. E., 545.
 

 The judgment of the Court of Appeals is reversed, and the judgment of the Municipal Court is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Matthias and Hart, JJ., concur.