**William T. McCLUSKEY, Jr., Plaintiff-Appellant,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellee.**

No. 18652.

United States Court of Appeals
Sixth Circuit.

Feb. 21, 1969.

Frank W. Cubbon, Jr., Toledo, Ohio, Peppers, Romanoff & Moran, Toledo, Ohio, on brief; Cubbon & Rice, Toledo, Ohio, Bernard D. Rice, Toledo, Ohio, of counsel, for appellant.

E. Thomas Maguire, Toledo, Ohio, John M. Curphey, Robison, Curphey & O'Connell, Toledo, Ohio, on brief, for appellee.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is a grade crossing accident case in Ohio wherein a 21-year-old driver of a soft drink truck was seriously injured, suffering retrograde amnesia, among other injuries, as a result of his truck being struck by defendant's railroad train.

Plaintiff appeals from an order granting defendant's motion to dismiss at the close of plaintiff's proofs in this nonjury case. The order entered by a United States District Judge in the Northern District of Ohio, Western Division, found "that plaintiff has been guilty of contributory negligence, which negligence proximately contributed to the injuries complained of and therefore finds said motion for directed verdict to be well taken and it is therefore, ORDERED that the complaint herein be, and

it hereby is dismissed with prejudice at plaintiff's costs."

Appellant, however, points out that for such a motion to be granted under Ohio law, the evidence must be construed most strongly in plaintiff's favor. Wilkeson v. Erskine & Sons, Inc., 145 Ohio St. 218, 61 N.E.2d 201 (1945). Among other factors, appellant points to testimony from a number of neighborhood witnesses that they did not hear the train blow its whistle, as required by Ohio law. Ohio Rev.Code § 4955.32. Appellant argues that this failure (if found by the jury) constitutes negligence which was a proximate cause of the accident. The District Judge in deciding this case, however, assumed that defendant was indeed guilty of proximate negligence in failing to blow the whistle.

 Appellant also claims that his conduct in the seconds just prior to this accident was that of a reasonable man. On this issue, the facts established without dispute at the trial include the following: 1) The events involved herein occurred on a bright, clear afternoon in early June. 2) The intersection in question was at an acute angle of 29° between the highway and the railroad track so that appellant would have had to look back over his right shoulder to see the approaching train. 3) The crossing was a three-track crossing, and on the track closest to appellant, some freight cars were parked for repairs at a point 390 feet east of the centerline of the highway. Defendant's train came from the east, traveling on the center or through track. The diesel engine was higher than the freight cars on the repair track. 4) The truck which appellant was driving had two characteristics which added to the hazards of the crossing. First, while appellant was behind the wheel of the truck, he could not see more than 300 feet down the track because his view to the rear was obscured by the truck cab itself. Secondly, he was driving a truck loaded with 200 cases of soft drinks which required him to pass over the rough crossing at this location in the creeper gear at approximately a mile and a half per hour. 5) Plaintiff testified that he had no memory of the events during this accident and that amnesia had wiped out his recall of events for some time prior to it. Appellant's counsel claims in this regard a presumption of freedom from contributory negligence on behalf of his client. 6) Plaintiff called three members of the train crew as witnesses. They testified that they saw appellant's truck stop before crossing the through track, "drift back" a few feet and then start forward directly in the path of their train. Their testimony also established without dispute in this record that they could see appellant's truck from the engine cab when the engine was 1,500 feet from the crossing, and that the searchlight on the diesel engine was lit.

With these facts before him, the District Judge held:

"The Supreme Court has laid down the absolute rule that if a man can't see and goes ahead anyway, he goes ahead at his own peril. I think that that is the situation with which we are faced here."

In this case federal court jurisdiction is based solely upon diversity of citizenship, and the governing law is that of Ohio where the accident occurred. The Supreme Court the District Judge referred to was the Supreme Court of Ohio, which has consistently maintained a heavy burden upon plaintiffs in grade crossing cases.

In the leading grade crossing case, the Ohio Supreme Court said:

"Where the trial court is requested to charge that it is the duty of a traveler upon the highway to look and listen before going upon a steam railway grade crossing, it is error for the court to refuse to so charge, and in lieu thereof to charge the jury only that the traveler on the highway must exercise ordinary care for his own safety before going upon a steam railroad crossing. The duty is definite, and is that he must look as well as

listen, and that he must look from a point and at a time that will make the looking effective to apprise him whether danger is near or not.

"In view of the undisputed evidence in this case as to Rohrs' negligence, the trial court should have granted the motion to direct a verdict for the defendant." Detroit, Toledo & Ironton R. R. v. Rohrs, 114 Ohio St. 493, 503, 151 N.E. 714, 717 (1926).

This court has previously followed this Ohio law in Detroit, Toledo & Ironton R. R. v. Yeley, 165 F.2d 375 (6th Cir. 1947); Newcomb v. Baltimore & Ohio R. R., 352 F.2d 406 (6th Cir. 1965).

We cannot hold that the District Judge misconstrued the applicable Ohio law in this case.

The judgment is affirmed.