McCALLIE, ADMX., APPELLEE, *v.* NEW YORK CENTRAL RD. CO., APPELLEE; PENN CENTRAL RD. CO., APPELLANT.

(No. 1841—Decided November 13, 1969.)

*Messrs. Spangenberg, Hasenflue, Shibley & Traci,* for appellee Mae Belle McCallie.
*Messrs. Horan, Ashenbach & Tattersall,* for appellant.

HUNSICKER, P. J. An appeal on questions of law is lodged in this court from a judgment rendered on the verdict of a jury.

The Penn Central Railroad Company, against which the judgment was rendered, says that during the course of the trial in the Court of Common Pleas of Lorain County the trial court committed error prejudicial to its substantial rights, in the following respects:

"1. The court erred in submitting to the jury before argument certain written requests to charge submitted by the appellee;

"2. The court erred in refusing to submit to the jury certain written request for finding to be answered in the event they returned a general verdict as submitted by the appellant;

"3. The court erred in admitting evidence offered by the appellee over the objection of this appellant.

"4. The verdict was excessive for damages, appearing to have been given under the influence of passion and prejudice;

"5. The court erred in overruling appellant's motion for a directed verdict."

On Saturday, May 29, 1965, Edward McCallie, the husband of Mae Belle McCallie, the plaintiff-appellee, was driving his small Chevrolet van-type truck east on French Creek Road in Lorain County. A spur track of the Penn

Central Railroad Company crossed French Creek Road; the area was sparsely inhabited. There were no "crossbuck" railroad signs at the railroad crossing, such signs that were there having been knocked down during a period from at least one week to some months previous to May 29, 1965. A locomotive of the Penn Central, hauling a heavy load of freight, was proceeding south on this track while McCallie was proceeding east on French Creek Road. It was a day described as drizzling and nasty. No one witnessed the collision which occurred between the railroad engine and the motor vehicle. The tracks were not readily visible as they crossed the road at a level grade. Brush and trees obstructed a clear view north along the track, the direction from which the train was coming. There is a conflict in the evidence as to the timely blowing of a horn, whistle or bell on the engine. There is also a conflict in the evidence as to what degree of familiarity McCallie had with French Creek Road and this railroad crossing. As a result of the collision, McCallie died almost instantly.

The action herein filed in the Court of Common Pleas claimed that Edward McCallie proximately met his death as a result of the violation, by the Penn Central Railroad Company, of the statutory duty to have "crossbuck" warning signs erected at this railroad crossing; or that the failure to erect the signs, together with the manner in which this crossing was otherwise maintained, and its train actually operated at the time and place complained of, constituted a wilful and wanton disregard of the public safety, including the safety of Edward McCallie; or that the failure of the railroad employees to sound a warning of the approaching train, and the speed with which such train was moving across French Creek Road, constituted ordinary negligence. The Penn Central denied the allegations of misconduct claimed to have been committed by it.

On the issue thus joined, a lengthy trial was conducted in a fine manner by the trial judge and counsel for both parties. A verdict of $250,000 was returned by the jury, that being the amount prayed for in the petition.

The principal matter we wish to discuss herein is the

following special instruction given to the jury at the request of counsel for plaintiff, and which was objected to by counsel for Penn Central. The trial judge also, in substance, gave a similar statement of the law on this subject in his general instructions.

The instruction about which complaint is made, is as follows:

"Ladies and gentlemen of the jury, on May 29, 1965, there was in full force and effect the following statute of the state of Ohio:

" 'At all points where its railroad crosses a public road at a common grade each company shall erect a sign with large and distinct letters placed on it to give notice of the proximity of the railroad and warn persons to be on the lookout for the locomotive. A company which neglects or refuses to comply with this section is liable in damages for all injuries which occur to persons or property from such neglect or refusal.'

"The evidence in this case is not in dispute that at the time of the collision and the death of Edward McCallie, the railroad crossing at French Creek Road was not protected as required by this statute. Therefore, if you find that the neglect or refusal of the railroad to have this statutory warning sign in place at this crossing, contributed to the proximate cause of the collision and the death of Edward McCallie, your verdict must be for the plaintiff.

"It is sufficient in law to make the railroad liable if in fact the statutory sign is absent and the railroad knows it is absent, provided the absence of the sign is a proximate cause or contributory proximate cause of injury or death.

"The omission of the sign would be a contributing proximate cause of the death if the omission stands to the death in relation of cause and effect. This would be true even if you should find that there were several acts or omissions which combined at the time and place to produce the collision and death.

"Thus, if you find that the violation of this statute did proximately contribute to cause Edward McCallie's death, then your verdict must be for the plaintiff. It would

not be necessary for you to deliberate further on the other issues of wanton misconduct, negligence or contributory negligence, but you would then go on to consider the only remaining issue, the issue of damages.

"Ladies and gentlemen of the jury, if you find that the violation of the crossarm statute did proximately contribute to cause Edward McCallie's death, then your verdict must be for the plaintiff, and this would be true even if you should find from the evidence that Edward McCallie was himself negligent.

"The law is that if you find negligence or contributory negligence on the part of Edward McCallie, as the court will define it to you, it is not a defense to the violation of this statute and your verdict must be for the plaintiff if the violation was a proximate cause of Edward McCallie's death."

This instruction, in its first paragraph, sets out the pertinent portion of R. C. 4955.33 which the trial judge again read to the jury in his general instructions. We are confronted then with this proposition of law, to wit:

Does R. C. 4955.33 place upon a railroad company absolute liability for damages sustained to person or property for failure to erect a "crossbuck" sign at a railroad crossing and hence preclude contributory negligence as a defense to an action brought under this section?

We find no case in Ohio directly in point. We do find an early Ohio case which has been cited as authority on other subjects: *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St. 66. In that case, the basis of recovery is the failure of the engineer to sound a warning. Thus, negligence and contributory negligence are issues that may arise along with proximate cause in such a situation.

There is an abundance of authority to the effect that contributory negligence is not a defense to an action based on wilful or wanton misconduct, so we shall not discuss this subject with reference to the claim in the petition that Penn Central was guilty of such conduct. We will restrict our discussion to whether contributory negligence is a defense to an action based on the violation of a statute, worded as R. C. 4955.33 is phrased.

This Ninth District Court of Appeals, in 1936, in the case of *Siegfried* v. *Everhart,* 55 Ohio App. 351, in construing G. C. 5838, the "dog bite" statute, said:

"Inasmuch as contributory negligence of plaintiff, as a defense to an action, presupposes the existence of negligence upon the part of defendant, and inasmuch as the liability of the owner or harborer of a dog to one proximately injured by such dog is predicated solely upon the statute (Section 5838, General Code) and not upon the negligence of the owner or harborer of such dog, contributory negligence of plaintiff, as such, is not a defense to an action for damages brought under the statute for injuries proximately caused by such dog."

The statute in that case read, in part:

"The owner or harborer of such dog shall be liable to a person damaged for the injury done."

This language is strikingly similar to that found in the statute involved in the instant action.

The Supreme Court of Ohio, in *Dragonette* v. *Brandes,* 135 Ohio St. 223, interpreted the same "dog bite" statute in the same manner, saying, at page 224:

"That section imposes an absolute liability upon the owner of a dog, and *scienter,* fault, negligence or contributory negligence are not involved in a proceeding thereunder * * *."

This court followed the *Dragonette* v. *Brandes case* in the case of *Hill* v. *Skinner,* 81 Ohio App. 375.

We learned early in our law school days that certain conduct gave rise to absolute liability for damage sustained as a result of that conduct, to wit: blasting; escape of dangerous animals; escape of dangerous substances.

In an article in 32 Minnesota Law Review 105, by Professor W. L. Prosser, entitled "Contributory Negligence as Defense to Violation of Statute," he says, at page 113:

"Contributory negligence is, then, available as a defense in the normal action for negligence based on the violation of a statute. * * *"

The statutes, which he was there discussing, were those that required a course of conduct not coupled with a pro-

vision for recovery for its violation, otherwise than in due course of the law. At page 118 in the article, he does discuss the exceptional statute, which is what our statute, R. C. 4955.33, may be classed as. Professor Prosser cites, as a typical exceptional statute, the child labor act where contributory negligence is not a defense available to a defendant. He also cites as examples of this type of statute those which require railways to fence their tracks for the protection of livestock, and statutes making them liable for fires.

2 Restatement of the Law, Torts, 2d, 539 Section 483, says:

"The plaintiff's contributory negligence bars his recovery for the negligence of the defendant consisting of the violation of a statute, unless the effect of the statute is to place the entire responsibility for such harm as has occurred upon the defendant."

We find that, in reviewing a number of cases found in 25 L. R. A. 572, under the note—"Statute Imposing Liability For Negligence," the language of the statute is the chief criterion in determining the subject of strict liability. A comment to the same effect is found in 38 American Jurisprudence 856, Negligence, Section 180.

In 171 A. L. R. 897, this statement is made:

"Generally speaking, however, the great majority of the courts have taken the broader view that unless expressly precluded by statute, the contributory negligence of the plaintiff is as good a defense to an action based on the violation of a statute as to an action for common-law negligence, although some of the courts included in this group recognize the exception to this rule referred to above with reference to special types of statutes enacted for the protection of a particular class of persons. * * *"

Our subject is extensively annotated in 171 A. L. R. 894 *et seq.*, and supplemented in 10 A. L. R. 2d 853 *et seq.* The conflict in the cases is readily apparent in reading the text comment of these annotations. We must, then, return to an examination of R. C. 4955.33 to see if the wording of that statute precludes the use of the defense of con-

tributory negligence. The important feature of that statute, so far as this action is concerned, is the last sentence, which says:

"A company which neglects or refuses to comply with this section is liable in damages for all injuries which occur to persons or property from such neglect or refusal."

We find no penalty under the criminal law for a violation of such statute.

The language of G. C. 5838 (the "dog bite" law) has been judicially determined to create absolute liability on the part of the violator. We think it logical to use that interpretation in the case before us.

In the instant case, we have a statutory direction to perform a duty, coupled with a liability in damages for a failure to perform. Negligence is not an ingredient of such performance, and, as we have shown in a similar statute, without an element of negligence or the opportunity to be negligent in performance, contributory negligence cannot exist.

We must conclude that the trial court did not commit prejudicial error in instructing the jury in the manner in which it did.

We have examined all of the claims of error advanced by the appellant, Penn Central Railroad Company, and find none prejudicial to its substantial rights. The judgment herein must be affirmed.

*Judgment affirmed.*

DOYLE and BRENNEMAN, JJ., concur.