**Levorne GLINSEY, Admx. of the Estate of Willie James Glinsey, Deceased, et al., Plaintiffs,**

v.

**BALTIMORE & OHIO RAILROAD CO., Defendant.**

**No. C 70–735.**

United States District Court,
N. D. Ohio, E. D.

March 30, 1973.

Donald P. Traci, Cleveland, Ohio, for plaintiffs.

Charles Clarke, Henry Light, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This cause presents a question of law which must be determined prior to trial: Whether the absence of statutory railroad signals imposes strict liability upon the defendant railroad for the loss proximately caused by violation of ORC §§ 4955.32 and 4955.34, so that contributory negligence is not a defense.

Section 4955.32 reads:

"Every company shall attach to each locomotive engine passing upon its railroad a bell of the ordinary size in use on such engines and a steam or compressed air whistle. When an engine in motion and approaching a turnpike, highway, or street crossing or private crossing where the view of such crossing is obstructed by embankment, trees, curve, or other obstruction to view, upon the same line with the crossing, and in like manner where the railroad crosses any other traveled place, by bridge or otherwise, the engineer or person in charge of such engine shall sound such whistle at a distance of at least eighty and not further than one hundred rods from such crossing and ring such bell continuously until the engine passes the crossing."

Section 4955.34 reads in pertinent part:

"Every engineer or person in charge of an engine who fails to comply with section 4955.32 of the Revised Code is personally liable . . .

". . . The company in whose employ such engineer or person in charge of an engine is, as well as the person himself, *is liable in damages to a person or company injured in person or property by such neglect or act* of such engineer or person." (Emphasis added)

■■ If a particular state prescribes a standard of care which all persons, or a general class, must exercise, then violation is generally considered negligence per se. Where liability is bottomed on negligence, contributory negligence and assumption of risk are valid defenses, and one who participates in the prohibited activity cannot recover.

■ These statutes read together by their very terms impose a standard of conduct and impose an absolute liability. Therefore, should the plaintiff show that the activity occurred, contributory negligence may not bar any recovery.

Ohio has several such absolute liability statutes. One is Section 3719.30, prohibiting the deposit of poison on a street, common alley or in another's yard. It concludes: "Whoever violates this section shall be liable to the person injured for all damages sustained thereby." This statute, however, has never been interpreted in any injury case, so it gives us no guideline for decision.

A second statute has been interpreted in cases similar or analogous to the case at bar. The so-called "Dog-Bite" statute is an absolute liability statute. The old form of the statute, Section 5838 Gen. Code, provided:

"A dog that chases, worries, injures or kills a sheep * * * or person, can be killed at any time or place * * * The owner or harborer of such dog shall be liable to a person damaged for the injury done."

The Dog Bite Statute said simply "liable" which is exactly the words used in § 4955.34. In Bevin v. Griffiths, 44 Ohio App. 94, 184 N.E. 401 (Lorain County Court of Appeals, 1932), a domestic servant in the household, who herself fed and tended the dog for the owner, was injured by the dog. The servant sued the owner, under the Ohio statute. The defense contended that the servant, who was a harborer of the dog, could not take advantage of the strict liability against the owner. The Court of Appeals, at page 98, 184 N.E. at page 403, held that strict liability must be applied:

"There is no language in the statute that tends to indicate an intention that a servant shall not be considered

'a person' to whom a right of action is given by the statute.

"In the case at bar, we sympathize with counsel for defendant in their contention that the Legislature did not intend by said statute to make the owner or harborer of a dog liable to his servant for the consequences of an injury caused by a dog in the manner in which this injury was caused, but whether an owner or harborer of a dog should be liable for an injury inflicted or caused by his dog under any and all circumstances is a legislative and not a judicial question."

In Siegfried v. Everhart, 55 Ohio App. 351, 9 N.E.2d 891 (Summit County Court of Appeals, 1936) where contributory negligence was urged as a defense to the old Dog Bite Statute, the Court said at 353, 9 N.E.2d at 892:

"The language of the statute is plain and unambiguous and contains no such exception. The general rule is that, where the Legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and in such case it is not the province of a court to introduce an exception by construction."

The Supreme Court of Ohio passed on this same statute in Dragonette v. Brandes, 135 Ohio St. 223, 20 N.E.2d 367 (1939). In that case plaintiff went between two fighting dogs to separate them, trying to protect his son's dog. Defendant's dog bit off part of his thumb. Plaintiff recovered in the trial court. The Appellate Court reversed, saying that the statute "[did] not contemplate liability under the facts of this case where * * * the plaintiff was at fault in bringing the dog bite upon himself."

The Supreme Court reversed, quoting the language that the owner "shall be liable to a person damaged for the injury done" and saying:

That section imposes an absolute liability upon the owner of a dog, and scienter, fault, negligence or *contributory negligence* are not involved in a

proceeding thereunder." 135 Ohio St. 224, 20 N.E.2d 368 (Emphasis added)

The Dog Bite Statute has since been amended by ORC § 955.28 to say that the owner or keeper is liable "unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property."

It is notable that under § 955.28 which spells out certain exceptions, that plaintiffs in *Dragonette* and *Bevin* would still recover.

The amendment to the statute has relevance on the point of statutory construction. The rule of statutory construction which obtains in Ohio is that if the language used is clear and unambiguous, then no interpretation is necessary. The function of the Court is not to determine what the Legislature might have intended to enact if it had thought about an exception, but rather to determine the meaning of the language of the statute.

The old Dog Bite Statute said: "The owner or harborer of such dog shall be liable to a person damaged for the injury done."

Another statute imposing strict liability is ORC Section 3743.33, which relates to the use of fireworks. It states that where fireworks are used the "parties in charge of such exhibitions shall be held strictly responsible for any damage to persons or properties resulting from the use of fireworks so used."

The language is similar, clear, unambiguous, and is stated without exception. The only issues to be determined are: Whether the defendant is a party in charge of the exhibition, and did the damage to a person result from the use of the fireworks used in the exhibition.

In the case of a safety statute which is merely penal in its terms, absolute liability will be imposed if the injured person is one of the class designed to be protected, regardless whether he is

an employee, an independent contractor or a participant. The railroads are quite familiar with the principle and application of the legal concept of strict liability, enforced for many years under the Safety Appliance Act.

■ A violation of the safety statute imposes absolute and unqualified liability. The United States Supreme Court has held repeatedly that even though the employee negligently uses a defective couple, defective grab iron, or defective brake, the employer is absolutely liable for all resulting injury and the defenses of contributory negligence and assumption of risk do not apply. Affolder v. NYC & St. L. Ry. Co., 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683 (1950); Coray v. Southern Pacific, 335 U.S. 520, 69 S. Ct. 275, 93 L.Ed. 208 (1949).

The courts of Ohio have not consistently treated sections 4955.32 and 4955.-34. The first case to interpret section 4955.32 was Pennsylvania Co. v. Rathgeb, 32 Ohio St. 66 (1877). The Supreme Court of Ohio noted, in analyzing 4955.32, that proof of contributory negligence could negate the railroad's negligence. However no case has reached the Ohio Supreme Court since 1926 on this section. Additionally the argument presented by plaintiff combining as it does 4955.32 and 4955.34 has never been raised in any court of this state. The court is, therefore, faced with a matter of first impression. The defendant has cited two cases from the Court of Appeals for the Sixth Circuit, Newcomb v. Baltimore & Ohio R.R. Co., 352 F.2d 406 (6th Cir. 1965) and McCluskey v. Norfolk & Western R. R., 408 F.2d 1025 (6th Cir. 1969), cert. den. 396 U.S. 831, 90 S.Ct. 83, 24 L.Ed.2d 81 (1969). These cases seem to indicate that failure to sound the statutory signal did not prevent the operation of the rule that plaintiff's negligence (or that of his decedent) barred recovery. However, the Court of Appeals was not faced with the question presented herein. Those concerned whether a violation of section 4955.32 was "negligence per se" to which the plaintiff's contributory negli-

gence could bar recovery, and thus are not precedent.

Subsequent to the decisions of the Sixth Circuit Court of Appeals, and the most recent case on the closely analogous statute, 4955.33, is McCallie v. New York Central R.R. Co., 23 Ohio App.2d 152 261 N.E.2d 179 (Lorain County Court of Appeals, 1969). Section 4955.-33 reads:

"At all points where its railroad crosses a public road at a common grade, each company shall erect a sign with large and distinct letters placed on it to give notice of the proximity of the railroad and warn persons to be on the lookout for the locomotive. A company which neglects or refuses to comply with this section is liable in damages for all injuries which occur to persons or property from such neglect or refusal."

This case was not appealed to the Ohio Supreme Court. The Court of Appeals held that ORC 4955.33 placed absolute liability upon a railroad company for damages proximately resulting to persons or property for failure to maintain a "crossbuck" sign at a railroad crossing and, therefore, precluded contributory negligence as a defense to an action brought for a violation of this section.

While there have been numerous opinions rendered by Ohio courts and by federal courts sitting in diversity which have entered final judgment against a plaintiff driver even where the railroad has been adjudged negligent in failing to sound a horn signal, it seems that prior to this case no plaintiff has sought relief for the statutory violation rather than in a cause of action for negligence.

■ While section 4955.33 includes the strict liability terms, such words are not present in 4955.32. By its terms 4955.32 creates a specific safety statute, the violation of which is negligence per se. However, section 4955.34 and 4955.-32 must be read together since the terms of 4955.34 refer to and provide the strict liability for section 4955.32.

The language of section 4955.34 that ". . . The company in whose employ such engineer or person in charge of an engine is, as well as the person himself, is liable in damages to a person or company injured in person or property by such neglect or act of such engineer or person" is identical to other strict liability statutes and will be so viewed by this court.

As the Ninth District Court of Appeals said in *McCallie*, supra at 159, 261 N.E.2d at 184:

"In the instant case, we have a statutory direction to perform a duty, coupled with a liability in damages for a failure to perform. Negligence is not an ingredient of such performance, and, as we have shown in a similar statute, without an element of negligence or the opportunity to be negligent in performance, contributory negligence cannot exist."

Accordingly, the defense of contributory negligence is not available as a defense to an action based on violation of sections 4955.32 and 4955.34, and that these statutes provide for strict liability.

It is so ordered.