Maxine W. SIEGFERTH, Guardian of Robert H. Siegferth, an Incompetent Person, et al., Plaintiffs-Appellants,

v.

The BALTIMORE AND OHIO RAILROAD CO., Defendant-Appellee.

No. 73-1820.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1974.

Decided May 29, 1974.

Richard T. Cunningham, Akron, Ohio, for plaintiffs-appellants; Bernard J. Amer, Amer, Cunningham & Brennan, Akron, Ohio, on brief.

C. Kenneth Clark, Jr., Youngstown, Ohio, for defendant-appellee; Eldon S. Wright, Youngstown, Ohio, on brief; Harrington, Huxley & Smith, Youngstown, Ohio, of counsel.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Appellant is the guardian of her husband who was permanently injured and completely disabled when his car was struck by a B & O Railroad Co. freight train on December 23, 1969. Appellant's lawyer sought the same strict liability instruction pertaining to the Ohio Whistle and Bell Statute which was sought and given in Glinsey v. B & O Railroad Co., 356 F.Supp. 984 (N.D. Ohio 1973), and he now claims reversible error in the fact that the District Judge in this case denied same and gave an instruction on contributory negligence. Thus, the issues in this appeal are identical with those in the *Glinsey* case except that here, without the strict liability instruction, the jury found no cause for action on the part of appellant.

The *Glinsey* appeal has just been decided by another panel of this Court. The District Court judgment therein was reversed, and the strict liability instruction was disapproved. Glinsey v. B & O R.R. Co., 495 F.2d 565 (6th Cir. 1974). On the basis of the reasoning and conclusions in *Glinsey, supra,* and finding no other issue of merit, the judgment of the District Court in our instant case is affirmed.