OPINION
{¶ 1} Plaintiff-appellant, Debby Lewis, appeals from a judgment of the Franklin County Court of Common Pleas granting partial summary judgment to defendants-appellees, William and Lynne Chovan. For the following reasons, we affirm.
 {¶ 2} On December 31, 2003, William Chovan took his six-year old golden retriever, Leroy, to Shear Delite, a pet grooming facility in Columbus, Ohio, for a bath. Chovan told Shirley Dunham, Shear Delite's owner, that it was Leroy's first time at this particular grooming facility. Dunham asked Chovan whether Leroy had any aggressive tendencies. Chovan responded that the dog had been known to "get hyper at times," particularly when his toenails were being trimmed. Chovan turned Leroy over to Dunham and departed. Dunham testified that she was responsible for bathing Leroy.
 {¶ 3} Appellant, who had 30 years of pet grooming experience, was grooming a cat when Leroy arrived. As Dunham and another employee, Lenore Jurg, jointly lifted Leroy into a tub, Leroy began showing signs of hyperactivity and aggressiveness. Jurg testified that the dog began showing its teeth, "grumbling and growling." Because Jurg and Dunham were having trouble securing Leroy in the noose, they called for appellant to bring them a muzzle and to help them attach the noose to the tub. Appellant walked over, without a muzzle, and reached for the noose. In a matter of seconds, Leroy bit appellant's hand, causing injuries.
 {¶ 4} On October 14, 2004, appellant filed suit against the Chovans, asserting two claims. Appellant alleged that the Chovans were strictly liable for her injuries under R.C. 955.28(B) because they owned Leroy. Appellant also claimed that the Chovans were negligent for failing to protect her from their vicious dog.
 {¶ 5} On April 14, 2005, appellant filed a motion for summary judgment on both of her claims. The Chovans also moved for partial summary judgment on appellant's statutory claim, asserting that appellant's status as a "keeper" under R.C.955.28(B) barred her from recovering under the statute. On September 21, 2005, appellant voluntarily dismissed her negligence claim without prejudice, thereby leaving only her claim under R.C. 955.28(B). On September 27, 2005, the trial court granted the Chovans' motion for partial summary judgment and denied appellant's motion for summary judgment.
 {¶ 6} Appellant now appeals, assigning the following errors:
[1.] THE TRIAL COURT INCORRECTLY DEFINED THE STATUTORY LANGUAGE IN ORC 955.28, OF HARBORER OR KEEPER TO INCLUDE PERSONS WHO ONLY HAVE TEMPORARY, FLEETING, LIMITED ACCESS OF A DOG WITHOUT ANY INCIDENTS OF OWNERSHIP OR CONTROL, CONSTRUING THIS TEMPORARY, FLEETING, LIMITED ACCESS AS CREATING THE STATUS OF HARBOROR OR KEEPER.
[2.] THE TRIAL COURT INCORRECTLY FAILED TO CONSTRUE THE EVIDENCE MOST FAVORABLY FOR THE NON-MOVING PARTY AND FIND THERE WAS A LEGITIMATE QUESTION OF FACT WHETHER THE TEMPORARY, FLEETING, LIMITED ACCESS OF PLAINITFF CREATED A STATUS OF HARBORER OR KEEPER FOR THE PLAINTIFF PURSUANT TO ORC 955.28, FAILING TO FIND A JURY QUESTION WAS PRESENTED BY THIS ISSUE.
 {¶ 7} Because appellant's two assignments of error are interrelated, we will address them together. In essence, appellant argues that the trial court erred when it determined: (1) that appellant was a "keeper," and (2) that, as a "keeper," she could not recover against the Chovans under R.C. 955.28(B). We disagree.
 {¶ 8} Appellate review of summary judgment motions is denovo. Helton v. Scioto Cty. Bd. Of Commr. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R.56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the summary judgment is made. State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 9} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. Id.; Vahila v. Hall, 77 Ohio St.3d 421, 429. Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support the nonmoving party's claims. Dresher, supra, at 293. If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the non-movant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. Id.
 {¶ 10} Appellant's sole claim against the Chovans is based upon R.C. 955.28(B), which provides:
The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property.
Pursuant to this statute, unless one of the exceptions apply, a keeper of a dog is strictly liable for any injury, death, or loss to person or property caused by the dog. Pulley v. Malek
(1986), 25 Ohio St.3d 95, 96; Khamis v. Everson (1993),88 Ohio App.3d 220, 224-225. However, as more fully discussed below, Ohio courts have held that an injured "keeper" cannot avail herself of the protections afforded by R.C. 955.28(B). Id. at 227.
 {¶ 11} Appellant argues that the trial court erred in how it defined the word "keeper" as used in the statute. Appellant contends that a "keeper" should only include individuals who have meaningful control over the dog, ongoing access to the dog, and knowledge of the dog similar to that of an owner. We disagree.
 {¶ 12} The principles of statutory construction require that words in the statute be given their ordinary and natural meaning unless the statute indicates that the legislature intended an alternative meaning. Layman v. Woo, 78 Ohio St.3d 485, 487, 1997-Ohio-195; Thompson Elec. Inc. v. Bank One (1988),37 Ohio St.3d 259, 264. A "keeper" is "one that keeps something (as by watching over, guarding, maintaining, supporting, restraining)." Webster's Third International Dictionary (1961) 1236. Consistent with this definition, this court has defined the word "keeper" in the context of R.C. 955.28(B) as "one having physical charge or care of the dogs." Garrard v. McComas (1982),5 Ohio App.3d 179, 182. Other courts in Ohio have found a person to be a keeper even when the physical charge or care of the dog is only temporary. For example, in Marin v. Frick, Geauga App. No. 2003-G-2531, 2004-Ohio-5642, the court determined a man was a "keeper" when he held a dog's leash while the owner briefly went inside to answer the phone and use the restroom. Id. at ¶ 39. Similarly, in Johnson v. Allonas (1996), 116 Ohio App.3d 447, a woman became a "keeper" when she voluntarily took a dog outside on a leash. Id. at 448. By holding the leash, she exerted "physical charge of care of the dog at the time of the accident." Id. at 449. Also, in Khamis, supra, the court found a kennel volunteer to be a "keeper" when the volunteer was bitten while cleaning the dog's cage. Based upon this precedent, we find that a person who is responsible for exercising physical control over a dog is a "keeper" even if that control is only temporary.
 {¶ 13} Appellant also contends that the trial court erred in granting partial summary judgment for the Chovans because a question of fact exists as to whether her brief contact with Leroy made her a "keeper." Appellant notes that she was not specifically charged with grooming Leroy and, therefore, she contends that there was a jury question regarding the level of control she could exercise. We disagree.
 {¶ 14} The relevant facts are not in dispute. The groomers at Shear Delite worked as a team in controlling an animal if the animal became hyper or aggressive. Appellant admitted that she would help cage a dog if it got loose in the facility even if she was not specifically assigned to groom the dog. Dunham testified that she expected assistance from employees in controlling a dog if the dog became difficult to handle. In fact, appellant had assisted Dunham in this manner in the past. Moreover, in this instance, appellant admitted that she approached Leroy specifically to help control him and to secure him in the bathtub. Both Dunham and Jurg testified that appellant was reaching her hand toward the dog to secure him when Leroy bit her. Given these undisputed facts, a reasonable jury could only conclude that appellant was a "keeper" under the statute.
 {¶ 15} Lastly, appellant argues that even if she was a "keeper," R.C. 955.28(B) makes Leroy's owners strictly liable to her for her injuries. Again, we disagree.
 {¶ 16} In discussing the predecessor statute to R.C. 955.28, the Supreme Court of Ohio in Kleybolte v. Buffon (1913),89 Ohio St. 61, 66, recognized that the statute was in derogation of the common law because it did away with the requirement of scienter in dog-bite cases. Because the statute is in derogation of the common law, it must be strictly construed. Id. ("[S]tatute should not be given force beyond its plain terms.") More recent cases have strictly construed R.C. 955.28. Khamis, supra (R.C.955.28 is to be "strictly construed"); Myers v. Lynn (July 19, 1985), Lucas App. No. L-85-009 (applying "strict reading of the statute"); Johnson, supra ("we agree the statute [R.C.955.28(B)] must be read strictly").
 {¶ 17} Applying a strict interpretation of R.C. 955.28(B), the courts in Khamis, Myers and Johnson, all concluded that a "keeper" is not within the class of people the legislature intended to protect through the strict liability provision. The legislature did not intend to protect those persons (the owner, keeper, or harborer of the dog) who have, by the terms of the statute, an absolute duty to control the dog. Rather, the legislature intended to protect those people who are not in a position to control the dog. Because appellant was a "keeper" at the time Leroy bit her, appellant cannot assert a claim under R.C. 955.28(B).[1]
 {¶ 18} Appellant relies upon Bevin v. Griffiths (1932),44 Ohio App. 94, in support of her argument that even if she is a "keeper," the Chovans are still strictly liable to her for her injuries. However, Bevin is distinguishable on its facts. InBevin, a domestic servant was injured when her employer's dog ran into her causing her to fall. It appears that the servant exercised control over the dog when her employer was away. However, her employer was present at the time of the accident. Therefore, the servant was not a "keeper" at the time of the accident because her employer, by his presence, had resumed physical control over the dog. Nor was the servant a "harborer" of the dog because she was not in possession and control of the premises where the dog lived. Although the court in Bevin
permitted the servant to recover against the owner under R.C.955.28, we do not find Bevin persuasive due to the factual differences.
 {¶ 19} In conclusion, we find that the trial court did not err when it determined that appellant was a "keeper" and that a "keeper" has no claim under R.C. 955.28(B). Therefore, we overrule appellant's two assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
Petree and Brown, JJ., concur.
[1] We note, however, that keepers or harborers who are injured by dogs under their control may have a common law cause of action against the dog's owner. Khamis, supra, at 227.