[Cite as *Linardos v. Joe Tex, Inc.*, 2014-Ohio-4522.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STEPHEN C. LINARDOS, :

      Plaintiff-Appellee, :

  - vs -

JOE TEX, INC., et al., :

      Defendants-Appellants. :

CASE NO. CA2013-08-067

O P I N I O N
10/13/2014

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CVD 02109

Eastman & Smith, Ltd., Mark A. Shaw, 100 East Broad Street, Suite 2100, Columbus, Ohio 43215, for plaintiff-appellee

Eastman & Smith, Ltd., William P. Bingle, One SeaGate, 24th Floor, P.O. Box 10032, Toledo, Ohio 43699-0032, for plaintiff-appellee

Garvin & Hickey, LLC, Preston J. Garvin, Daniel M. Hall and Sandee E.B. Reim, 181 East Livingston Avenue, Columbus, Ohio 43215, for defendant-appellant, Joe Tex, Inc.

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Joe Tex, Inc., appeals from a decision in the Clermont County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Stephen C. Linardos, in an action involving a workers' compensation claim. For the reasons

outlined below, we affirm the decision of the common pleas court.

{¶ 2} This appeal stems from injuries Linardos received during the scope of his employment as an interstate truck driver. Linardos is a Florida resident who was paid and controlled from Texas by Joe Tex, a Texas corporation. On August 31, 2011, Linardos was temporarily in Ohio to pick up machinery in Clermont County to deliver to Cleveland when he was struck by a bungee cord and sustained numerous injuries to his left eye.

{¶ 3} To compensate for his injuries, Linardos filed a workers' compensation claim in Ohio. Linardos' claim was initially disallowed. Nevertheless, the district hearing officer vacated the original decision and permitted Linardos to participate in Ohio's workers' compensation system. The allowance of Linardos' claim was affirmed by both a staff hearing officer and the industrial commission as a part of the administrative appeal process.

{¶ 4} On October 29, 2012, Joe Tex appealed to the Clermont County Court of Common Pleas for a de novo review of Linardos' claim. It is undisputed that Joe Tex purchased a third-party insurance policy in compliance with Texas law whereby Linardos received disability income, dismemberment benefits, and payment of his medical expenses. Under Texas law, an employer may be a lawful nonsubscriber to its workers' compensation system by purchasing such a policy.

{¶ 5} In the proceedings before the common pleas court, Linardos and Joe Tex filed competing motions for summary judgment. Linardos argued that because he was not similarly covered by the workers' compensation laws of Texas, he was entitled to receive Ohio's workers' compensation benefits. In its motion for summary judgment, Joe Tex argued that because Linardos received benefits under the third-party insurance policy and Texas does not require employers to subscribe to Texas' workers' compensation system, Linardos was similarly covered by and received benefits under Texas law.

{¶ 6} In granting Linardos' motion for summary judgment and denying Joe Tex's

motion for summary judgment, the trial court held that when an employer purchases a third-party insurance policy under Texas law, the administration of such a policy is markedly different from Ohio's workers' compensation system. Accordingly, the trial court found Linardos was entitled to participate in Ohio's workers' compensation system.

{¶ 7} Joe Tex now appeals, asserting three assignments of error for review. For ease of analysis, we will address Joe Tex's first and second assignments of error out of order.

**Summary Judgment Standard of Review**

{¶ 8} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co., Ltd.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. In applying the de novo standard, the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.).

{¶ 9} Civ.R. 56 sets forth the summary judgment standard and requires for summary judgment that (1) there be no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 10} In response, the nonmoving party "may not rest on the mere allegations of his

pleading, but * * * by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10. A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Ents.*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.* We are mindful of these principles in addressing the following assignments of error.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO [LINARDOS] AND IN DENYING SUMMARY JUDGMENT TO [JOE TEX] BECAUSE LINARDOS IS NOT ENTITLED TO PARTICIPATE IN OHIO'S WORKERS' COMPENSATION SYSTEM PURSUANT TO R.C. 4123.54(H)(3), BECAUSE HE IS COVERED UNDER THE LAWS OF TEXAS.[1]

{¶ 13} Under its second assignment of error, Joe Tex argues that Linardos was not entitled to participate in Ohio's workers' compensation system because Linardos was similarly covered by and received benefits under Texas law. It is undisputed that Linardos received disability income, dismemberment benefits, and payment of his medical expenses under Joe Tex's third-party insurance policy. Consequently, Joe Tex asserts that pursuant to R.C. 4123.54(H)(3), Linardos' exclusive remedy against Joe Tex as his employer is under

---

1. R.C. 4123.54 was amended on September 17, 2014 by 2014 Am.Sub.H.B. No. 493. While we will appropriately analyze Joe Tex's argument under R.C. 4123.54(H)(3), we note the relevant language is now contained in R.C. 4123.54(H)(5).

Texas law. Linardos, on the other hand, asserts that he was not covered by workers' compensation or similar laws of Texas as Joe Tex opted out of Texas' worker's compensation system. Accordingly, and because Ohio's workers' compensation statutes are to be construed liberally in favor of the employee pursuant to R.C. 4123.95, Linardos contends he was entitled to participate in Ohio's workers' compensation system. We agree with Linardos.

{¶ 14} The relevant portion of R.C. 4123.54 provides:

> [I]f an employee is a resident of a state other than this state and is insured under the workers' compensation law or similar laws of a state other than this state, the employee and the employee's dependents are not entitled to receive compensation or benefits under this chapter, on account of injury, disease, or death arising out of or in the course of employment while temporarily within this state, and the rights of the employee and the employee's dependents under the laws of the other state are the exclusive remedy against the employer on account of the injury, disease, or death.

Thus, as Ohio courts have interpreted R.C. 4123.54, Ohio's workers' compensation is precluded for an employee when (1) the employee is a resident of a state other than Ohio; (2) the employee is insured in a state other than Ohio; and (3) the employee is only temporarily within Ohio. *Wartman v. Anchor Motor Freight Co.*, 75 Ohio App.3d 177, 181 (6th Dist.1991); *Hardy v. Procter & Gamble Co.*, 1st Dist. Hamilton No. C-110047, 2011-Ohio-5384, ¶ 11. All three conditions must exist to preclude an employee from receiving workers' compensation benefits in Ohio. *Wartman* at 181. The absence of one condition will generally result in the entitlement of an employee to Ohio's workers' compensation benefits. *Id.*; R.C. 4123.54.

{¶ 15} In this instance, it is uncontroverted that Linardos is a resident of Florida and was only temporarily in Ohio. Consequently, whether Linardos is entitled to Ohio's workers' compensation benefits is dependent upon whether Linardos is "insured under the workers'

- 5 -

compensation law or similar laws of a state other than this state * * *."  R.C. 4123.54(H).

{¶ 16} Under Texas law, an employer may either (1) "elect to obtain workers' compensation insurance coverage" or (2) may "obtain workers' compensation insurance coverage through a licensed insurance company or through self-insurance." V.T.C.A., Labor Code 406.002 and 406.003.  A private employer that elects to participate in the workers' compensation fund in Texas is subject to the portion of the Texas code relating to workers' compensation.  V.T.C.A., Labor Code 406.002.  On the other hand, a private employer that declines to participate in the workers' compensation fund in Texas and instead opts to obtain private coverage for its employees is not subject to the same standards.  *See* V.T.C.A., Labor Code 406.003.

{¶ 17} Even according to Joe Tex's affidavit attached to its motion for summary judgment, while Texas permits employers to obtain private insurance coverage and Joe Tex was a lawful nonsubscriber, an employee of a nonsubscriber does not receive the benefit of exclusive remedies provided by Texas law.  An employee, such as Linardos, cannot appeal within Texas' workers' compensation system.  Rather, any appeal is required to be filed in federal court under ERISA.  By Joe Tex purchasing a third-party insurance policy, Linardos is removed from the procedural protections of Texas' workers' compensation law.  Additionally, Ohio does not have an option for employers to purchase a third-party insurance policy instead of participating in its workers' compensation system.  As such, we find Linardos is not covered by a similar Texas law and may participate in Ohio's workers' compensation system as a matter of law.[2]  Joe Tex's second assignment of error is overruled.

{¶ 18} Assignment of Error No. 1:

---

2. As an aside, Joe Tex also asserts under its second assignment of error that Linardos is precluded from pursuing a workers' compensation claim in Ohio because he is subject to binding arbitration as a condition of his employment.  Regardless of any validity, Joe Tex did not affirmatively plead that the binding arbitration policy prohibited Linardos' claim as required by Civ.R. 8(C).  Additionally, R.C. 4123.80 generally does not allow an employee to waive his or her rights to Ohio's workers' compensation system.

{¶ 19} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO [LINARDOS] AND IN DENYING SUMMARY JUDGMENT TO [JOE TEX] BECAUSE LINARDOS LACKED SUFFICIENT CONTACTS WITH THE STATE OF OHIO TO PARTICIPATE IN THE OHIO WORKERS' COMPENSATION SYSTEM.

{¶ 20} Under its first assignment of error, Joe Tex argues that in order for Ohio's workers' compensation laws to apply to an employment relationship, the employment relationship must be "localized in Ohio." Joe Tex asserts that a totality of the circumstances analysis must be applied to determine whether sufficient contacts with Ohio exist for an employment relationship to be "localized." Linardos contends that the only argument Joe Tex set forth below in its motion for summary judgment is whether Linardos' claim was exempted under R.C. 4123.54.

{¶ 21} However, what Joe Tex fails to take into account is that the "totality of the circumstances" analysis is applied when an employee is injured *outside* of Ohio and is seeking to utilize Ohio's worker's compensation system. *See Prendergast v. Indus. Comm. of Ohio*, 136 Ohio St. 535, 543 (1940) (any work-related injury incurred during employment which is "localized" in Ohio is compensable notwithstanding the extraterritorial nature of the injury); *Dotson v. Com Trans, Inc.*, 76 Ohio App.3d 98 (6th Dist.1991); *Lynch v. Mayfield*, 69 Ohio App.3d 229, 233 (2d Dist.1990).

{¶ 22} When an employee's injury occurs in Ohio, whether an employee is entitled to receive benefits under Ohio's workers' compensation system turns on R.C. 4123.54. For example, in *Wartman*, 75 Ohio App.3d 177, an interstate trucker who was a resident of Kentucky and employed by a Michigan company, was injured in Ohio. Because Wartman was not insured in a state other than Ohio pursuant to R.C. 4123.54, Wartman was entitled to pursue a workers' compensation claim in Ohio. In contrast, in *Villasana v. Adm.*, 5th Dist. Tuscarawas No. 2003 AP 09 0070, 2004-Ohio-2083, a Texas resident working for a

Pennsylvania company who was injured while temporarily in Ohio was not entitled to pursue a workers' compensation claim in Ohio pursuant to R.C. 4123.54. The employee was covered by a similar workers' compensation law in Texas as the employer, unlike the case at bar, was a subscriber to Texas' workers' compensation system.

{¶ 23} As discussed above, in this instance, Linardos, a Florida resident, was injured in Ohio, but was not covered by a similar workers' compensation law in Texas because Joe Tex was a nonsubscriber to Texas' workers' compensation system. Therefore, because Linardos was not covered by a similar workers' compensation law in Texas, he is entitled to participate in Ohio's workers' compensation system pursuant to R.C. 4123.54(H)(3) as a matter of law. Joe Tex's first assignment of error is overruled.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO [LINARDOS] AND IN DENYING SUMMARY JUDGMENT TO [JOE TEX] BECAUSE JOE TEX WOULD HAVE BEEN PRECLUDED BY OAC 4123-17-23(B) FROM INCLUDING LINARDOS' WAGES IN AN APPLICATION FOR OHIO WORKERS' COMPENSATION COVERAGE.

{¶ 26} Under its third assignment of error, Joe Tex argues that applying Ohio's workers' compensation laws to Joe Tex is precluded by the Ohio Administrative Code. Nevertheless, Joe Tex failed to set forth this argument in the common pleas court below. Consequently, we need not address this argument on appeal. *See State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997).

{¶ 27} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.