BRAVARD, Appellee,

v.

CURRAN et al., Appellants.

[Cite as *Bravard v. Curran,* 155 Ohio App.3d 713, 2004-Ohio-181.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2003–01–009.

Decided Jan. 20, 2004.

Matre & Matre Co., L.P.A., and Kerrie K. Matre, for appellee.

Pratt & Singer Co., L.P.A., James Papakirk and Michael D. Baker, for appellants.

WILLIAM W. YOUNG, Presiding Judge.

{¶ 1} Defendants-appellants, William R. and Faye Curran, appeal from a judgment of the Butler County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Marcia M. Bravard, in an adverse possession case.

{¶ 2} The parties own adjacent lots on Hollywood Court in the Royal Oaks subdivision in West Chester, Ohio. The parties have been neighbors for over 28 years. In August 2001, the Currans had their property surveyed. The survey revealed that a triangular-shaped strip of property used by Bravard was actually situated on the Currans' property. Within the disputed strip, which consists mostly of an unimproved grassy area, are a stone retaining wall, part of Bravard's driveway, stone steps at the end of the driveway, a flower bed, and part of a shed built by Bravard. Bravard brought suit to quiet title, claiming that she had gained ownership of the disputed strip through adverse possession. The

parties subsequently moved for summary judgment. On December 17, 2002, the trial court granted in part and denied in part the parties' respective motions for summary judgment as follows:

{¶ 3} "[Bravard] has presented evidence to show that she has maintained the land in question by mowing it and by planting a flower bed. The Currans have presented evidence that the flower bed was only recently planted and that the Currans have been mowing the land themselves. This factual dispute need not be resolved, because mowing grass or engaging in minor landscaping is not sufficient to establish adverse possession. * * * [Bravard] has also placed a shed on the land. However, the Currans assert that the shed has only been there since the fall of 2000, and [Bravard] has not shown that the shed has remained on the land for twenty-one years, the statutory period. Moreover, rather than a permanent structure, the shed is on concrete blocks and can be moved. The erection of the shed was not, in this Court's view, a flag of conquest signifying that the land was being adversely possessed. * * *

{¶ 4} "However, the construction of the driveway and retaining wall is an entirely different matter. The parties agreed at oral argument that the driveway and retaining wall, which encroach upon the Currans' property, have existed for more than the statutory period of twenty-one years. This is a permanent improvement to the land that certainly signaled an intention to claim title. By this act, [Bravard] planted her flag of conquest and kept it flying.

{¶ 5} "* * *

{¶ 6} "This Court finds that no genuine issue of material fact exists so that summary judgment pursuant to Civ.R. 56 is appropriate. This Court finds that legal title to the land upon which the driveway and retaining wall are built shall pass to [Bravard]. Added to this area is a perimeter of six feet, which the Court finds is necessary to add as a buffer to protect the integrity of the retaining wall. The titles to the parties' properties shall be amended to represent this re-division of the lots."

{¶ 7} This appeal follows in which the Currans raise two assignments of error. On appeal, the Currans do not challenge the trial court's holding regarding the driveway and retaining wall; rather, they challenge the grant of the buffer zone to Bravard. Bravard has not filed a cross-appeal.

{¶ 8} In their first assignment of error, the Currans argue that the trial court erred by granting in part Bravard's motion for summary judgment. The Currans contend that the trial court improperly granted the buffer zone around the retaining wall, especially after finding that there was "insufficient evidence to establish adverse possession as to the very area that is now called a 'buffer'."

{¶ 9} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102,

105, 671 N.E.2d 241. This requires that a reviewing court "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citing *Dupler v. Mansfield Journal* (1980), 64 Ohio St.2d 116, 119–120, 18 O.O.3d 354, 413 N.E.2d 1187. An appellate court reviews a trial court's disposition of a summary judgment independently and without deference to the trial court's judgment. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 295, 708 N.E.2d 285.

{¶ 10} Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1976), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 11} To acquire title to land by adverse possession, a party must establish by clear and convincing evidence that possession of the land was open, notorious, exclusive, adverse, hostile, and continuous for more than 21 years. *Grace v. Koch* (1998), 81 Ohio St.3d 577, 579, 692 N.E.2d 1009. To establish adversity, "the tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest." Id. at 581, 692 N.E.2d 1009. Merely mowing the grass or engaging in minor landscaping is insufficient to establish adverse possession. *Gehron v. Petry* (Jan. 23, 1995), Preble App. No. CA94–04–008, at 3, 1995 WL 22686. The legal titleholder has the benefit of a strong presumption that he is the legal owner. *Didday v. Bradburn* (Feb. 22, 2000), Clermont App. Nos. CA99–05–049 and CA99–06–059, at 4, 2000 WL 197245. Adverse possession must be proved and will not be presumed. Id.

{¶ 12} In its judgment, the trial court unequivocally found that Bravard gained legal title to the land upon which the driveway and retaining wall are located by adverse possession. The trial court also clearly found that Bravard failed to prove adverse possession with regard to the flower bed and shed. It follows, then, that with the exception of the parcel of land upon which the driveway and retaining wall are located, Bravard did *not* gain title to the disputed strip by adverse possession. Yet, the trial court granted her a six-foot buffer zone in addition to the driveway and wall. Based upon the foregoing findings, the trial court had no authority to grant such buffer to Bravard. The trial court cannot now give by buffer what Bravard has not gained by adverse possession.[1] The Currans' first assignment of error is accordingly well taken and sustained.

---

1. 1. As noted earlier, Bravard did not file a cross-appeal challenging the trial court's finding that she did not gain title of the disputed strip, other than the driveway and retaining wall, by

{¶ 13} In their second assignment of error, the Currans argue that the trial court erred by denying their motion for leave to file a counterclaim. The Currans filed the motion on the ground that upon changing counsel, they discovered, as part of their ongoing discovery, (1) the restrictive covenants for their subdivision, and (2) that the retaining wall violated the covenants. Noting that the Currans' "request to make a significant amendment to their complaint was filed * * * just six weeks before the scheduled pretrial for this case, and less than three months before the trial date[,]" the trial court denied the motion.

{¶ 14} The grant or denial of leave to amend a pleading is discretionary and will not be reversed on appeal absent an abuse of discretion. *State ex rel. Askew v. Goldhart* (1996), 75 Ohio St.3d 608, 610, 665 N.E.2d 200. Once the action has been placed upon the trial calendar, a party may amend his pleading only by leave of court or by written consent of the adverse party. Civ.R. 15(A). The trial court may grant a leave to amend when "justice requires" or when the party has omitted the counterclaim "through oversight, inadvertence, or excusable neglect[.]" Civ.R. 13(F).

{¶ 15} Upon reviewing the Currans' motion, we cannot say that the trial court's denial of the motion was an abuse of discretion. First, a review of the Currans' counterclaim shows that it was not a compulsory counterclaim based upon the "logical relation" test. This test, "which provides that a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts, can be used to determine whether claims between opposing parties arise out of the same transaction or occurrence." *Rettig Ent., Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99, paragraph two of the syllabus.

{¶ 16} The Currans' counterclaim alleged that the retaining wall built by Bravard violated the subdivision's restrictive covenants. Bravard's claim to the retaining wall was based upon adverse possession. Although both claims are arguably related in that they both involve the retaining wall, they involve different facts and circumstances. Since the Currans' counterclaim was not a compulsory counterclaim, the Currans were not unduly prejudiced because they could have presented their counterclaim in a separate suit. See *Hamilton v. Abcon Constr.* (Nov. 24, 1997), Warren App. No. CA97–03–027, 1997 WL 727641.

---

adverse possession. As a result, we decline to address Bravard's argument that she has used the disputed portion of the property as her own, exclusively, adversely, continuously, openly, and notoriously for over 21 years. Likewise, we decline to address her argument that "the retaining wall, by its very nature, includes a portion of land, which in essence can be viewed as being part of the retaining wall structure."

{¶ 17} Second, the trial court implicitly concluded that insertion of the counterclaim less than three months before the trial date would have prejudiced Bravard by requiring additional litigation. "While Ohio courts recognize a policy that cases should be decided on the merits, they also adhere to a policy that disputes be resolved in a timely manner." Id. at 10, 1997 WL 727641. We therefore find that the trial court did not abuse its discretion by overruling the Currans' motion for leave to file a counterclaim. The Currans' second assignment of error is overruled.

{¶ 18} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.

Judgment accordingly.

WALSH and PAINTER, JJ., concur.

MARK R. PAINTER, J., of the First Appellate District, sitting by assignment.