OPINION
{¶ 1} Appellants, Rosalie and Paul Hicks, appeal from the judgment of the Ashtabula County Court of Common Pleas, which granted summary judgment to *Page 2 
appellees on appellants' claims for personal injury and loss of consortium. We affirm in part, reverse in part, and remand.
 {¶ 2} Appellee Mark Allen is a deputy sheriff and K-9 officer with the Ashtabula County Sheriffs Office. On April 10, 2002, Allen was scheduled to work from 3:00 p.m. to 11:00 p.m. Allen and his K-9 partner Mick, left for work at approximately 2:30 p.m. When Allen left his house, Mick was off his lead. Allen went to his patrol car to put water in Mick's cage, while Mick relieved himself. Allen then heard Mick barking and went to investigate. Allen found eighty-five year old Rosalie Hicks on the ground with Mick standing over her barking. Rosalie reported that she had been standing near her burn barrel when Mick jumped on her and knocked her down. Rosalie suffered a broken hip because of this incident.
 {¶ 3} Rosalie filed the instant action seeking compensation for her injuries. Paul filed a loss of consortium claim. Appellants sued Allen individually and in his official capacity as a deputy sheriff for Ashtabula County.
 {¶ 4} Appellees moved for summary judgment. In support of their motion, appellees argued they were entitled to immunity under R.C.2744.02 and 2744.03. The trial court granted appellees' motion. Appellants filed a timely appeal asserting the following assignments of error for our review:
 {¶ 5} "[1.] It was an abuse of discretion and error of law for the trial court to grant summary judgment in appellees' favor." *Page 3 
 {¶ 6} "[2.] An employee of a political subdivision who acts negligently outside of the course and scope of his employment is not shielded from liability under R.C. 2744, et seq. from individual liability."
 {¶ 7} "[3.] The trial court erred in determining that [a]ppellees are protected by the sovereign immunity statute when the facts of the case reflect that exceptions to the application of sovereign immunity clearly apply."
 {¶ 8} We review a grant of summary judgment de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, i.e., we review the trial court's judgment independently and without deference to its determination. Lexford Prop. Mgmt., L.L.C. v. Lexford Prop. Mgmt.,Inc., 147 Ohio App.3d 312, 2001-Ohio-4363, ¶ 10.
 {¶ 9} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Harless v. Willis DayWarehousing, Inc. (1978), 54 Ohio St.2d 64, 66.
 {¶ 10} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. *Page 4 
 {¶ 11} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial. Id. at 293.
 {¶ 12} In their first assignment of error, appellants challenge the trial court's determination that Allen cannot be held individually liable for appellants' damages. Appellants argue a genuine issue of material facts exists as to whether Allen's actions or omissions were manifestly outside the scope of his employment. We agree.
 {¶ 13} Pursuant to R.C. 2744.03(A)(6), an employee of a political subdivision enjoys the same general statutory immunity from injuries caused by his or her acts or omissions as the political subdivision, unless one of the following applies:
 {¶ 14} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 15} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 16} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee.
 {¶ 17} Whether an employee is acting within the scope of his employment is generally a question of fact for the jury. Obsborne v.Lyle (1992), 63 Ohio St.3d 326, *Page 5 
330, citing Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271. "Only when reasonable minds can come to but one conclusion does the issue regarding scope of employment become a question of law." Id.
 {¶ 18} Allen urges us to apply the test set forth in The Restatement of the Law 2d, Agency (1957), Section 228 as discussed by Justice Pfeiefer's dissent in City of Akron v. Holland Oil Co.,102 Ohio St.3d 1228, 2004-Ohio-2834, 12. This test states that an employee's conduct is within the "scope of employment" when:
 {¶ 19} "`(a) it is of the kind he is employed to perform;
 {¶ 20} "`(b) it occurs substantially within the authorized time and space limits; [and]
 {¶ 21} "`(c) it is actuated, at least in part, by a purpose to serve the master.'" Id. at ¶ 12-15, (Pfeifer, J., dissenting.) Even were we to apply this test, a genuine issue of material fact exists as to whether Allen's actions or omissions arose from the scope of his employment.
 {¶ 22} Appellants presented evidence that Allen's shift began at 3:00 p.m. and Rosalie suffered her injuries when appellant was preparing to leave his residence for work at approximately 2:30 p.m. Appellants also presented evidence that Allen had not radioed dispatch that he was on duty. Although Allen presented evidence he was leaving his house in response to a call to search for someone at the time, we believe this detail is insufficient for us to conclude, as a matter of law, Allen was acting within his scope of employment. Irrespective of whether Allen was or was not on duty at the *Page 6 
time of the injury, a genuine issue of material fact exists as to whether Allen's actions or omissions were manifestly outside the scope of his employment.
 {¶ 23} Furthermore, after a review of the law pertaining to the facts of this case, we additionally hold R.C. 2744.03(A)(6)(c) applies to the instant matter to lift Allen's general immunity. R.C. 2744.03(A)(6)(c) lifts an employee's immunity where "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." R.C.955.28(B) imposes liability on "[t]he owner, keeper, or harborer of a dog * * * for any injury * * * to person or property that is caused by the dog * * *." A keeper, in the context of R.C. 955.28(B) is one having physical charge or care of the dog. Lewis v. Chovan, 10th Dist. No. 05AP-1159, 2006-Ohio-3100, at ¶ 12; see, also, Garrard v. McComas
(1982), 5 Ohio App.3d 179, 182. Given the evidence in the record, we hold Allen was a keeper pursuant to R.C. 955.28(B). Therefore, to the extent appellants suffered injury as a result of the dog's jumping episode, R.C. 955.28(B) expressly imposes civil liability upon Allen, an employee of the political subdivision, as a matter of law.[1]
 {¶ 24} Appellants' first assignment of error has merit.
 {¶ 25} Appellants' second assignment of error is two-pronged. He reiterates the scope of employment argument and further seeks to negate the second prong of R.C. 2744.03(A)(6), which provides immunity to an employee of a political subdivision unless *Page 7 
"the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Appellants argue that a genuine issue of material fact exists as to whether Allen acted recklessly. If Allen acted recklessly he is precluded from claiming immunity under R.C. 2744.03(A)(6)(b).
 {¶ 26} A person acts recklessly if he does an act or intentionally fails to do an act which it is his duty to do, knowing or having reason to know of facts that would lead a reasonable person to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that necessary to constitute negligence. Thompson v. McNeill (1990),53 Ohio St.3d 102, 194, quoting 2 Restatement of the Law 2d, Torts (1965), at 587, Section 500. "`[M]ere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor.' Such perversity must be under such conditions that the actor must be conscious that his conduct will in all probability result in injury." Id. at 356.
 {¶ 27} Viewing the evidence in the light most favorable to appellants, they failed to present sufficient evidence to create a genuine issue of material fact as to whether Allen acted recklessly. There is no evidence of record to establish Allen knew or had reason to know that allowing Mick to roam off his leash created an unreasonable risk of harm, let alone that such risk was substantially greater than that necessary to constitute negligence. Nothing in the record indicated that Mick was aggressive or prone to jumping on strangers. Therefore, there was no evidence to remove immunity pursuant to 2744.03(A)(6)(b). Consequently, summary judgment was appropriate. *Page 8 
 {¶ 28} To the extent appellants' second assignment of error raises the same issues as their first assignment of error regarding whether Allen was acting within the scope of his employment, it has merit. Appellants' second assignment of error with respect to 2744.03(A)(6)(b) is without merit.
 {¶ 29} In their third and final assignment of error, appellants argue the trial court erred in determining R.C. Chapter 2744., Ohio's Political Subdivision Tort Liability Act, precluded their claims as they pertain to the political subdivision. We disagree.
 {¶ 30} Under the Act, R.C 2744.02 sets forth a general rule providing immunity to political subdivisions. R.C. 2744.02(A)(1). R.C. 2744.02(B) then sets forth five exceptions to this general rule. R.C. 2744.03 in turn sets forth defenses and immunities that may allow a political subdivision to re-assert immunity. R.C. 2744.03(A).
 {¶ 31} R.C. 2744 et seq., also divides functions performed by political subdivisions into two categories: governmental functions and proprietary functions. See, R.C. 2744.01(C) and (G). Issues of liability may then turn on which of the two types of functions the political subdivision was engaged in when the injury occurred.
 {¶ 32} Under their final assignment of error, appellants first contend Allen's decision to allow Mick to run free, outside his home, and onto appellants' property was a proprietary function and thus immunity is lifted pursuant to R.C. 2744.02(B)(2).
 {¶ 33} R.C 2744.02(B)(2) lifts a political subdivision's general immunity where an injury in question is caused by the negligent performance of acts by employees with respect to a political subdivision's proprietary functions. *Page 9 
 {¶ 34} A proprietary function is one that promotes or preserves the public peace, health, safety, or welfare and involves activities customarily engaged by nongovernmental persons. R.C. 2744.01(G)(1)(b).
 {¶ 35} Here, the issue is whether Allen's decision to let the dog roam free to relieve itself and enter appellants' property adequately meets the foregoing definition. If Allen's actions were proprietary, then R.C.2744.02(B)(2) will lift the general grant of immunity enjoyed by a political subdivision and necessitate an analysis of the defenses and immunities under R.C. 2744.03(A).
 {¶ 36} We first point out that Allen's activities were obviously of the sort customarily engaged in by nongovernmental persons, i.e., the act of allowing a dog in one's care to roam freely outside to relieve itself. However, R.C. 2744.01(G)(1)(b) is conjunctive and thus, in order to avoid summary judgment, a non-moving party must put forth sufficient evidence to meet both prongs. In our view, appellants failed to meet their reciprocal burden of setting forth specific facts of a genuine issue for trial. Dresher, supra, at 293. As a result, summary judgment was appropriate as to this issue.
 {¶ 37} However, even assuming arguendo that the evidence is such that a material issue of fact exists regarding whether Allen's actions could be deemed proprietary in nature, we still maintain appellees could reassert immunity under R.C. 2744.03(A). See, Perry v. City of EastCleveland (Feb. 16, 1996), 11th Dist. No. 95-L-111, 1996 Ohio App. LEXIS 507, *11-*12 (observing that the classification as to whether an action involves a "governmental" or "proprietary" function is irrelevant where a political subdivision can properly reassert immunity under R.C.2744.03(A).) *Page 10 
 {¶ 38} We shall first examine appellees' position that immunity could be reasserted under R.C. 2744.03(A)(5). Under R.C. 2744.03(A)(5) immunity would reattach if Allen's act involved the "exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, * * * unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." Appellees rely on Perry to support their position.
 {¶ 39} In Perry, the appellant was the wife of a police officer. The officer's K-9 lived with the couple. Appellant let the dog outside to relieve itself. Upon returning inside the home, the dog retreated under the dining room table. When the appellant bent over to provide the dog with food and water, the dog bit the woman's face causing injuries. The appellant sued the city to recover for her injuries. Id. at *1-*3. This court held that the decision to board the dog at appellant's house was a discretionary decision on how to use resources pursuant to R.C.2744.03(A)(5). Id. at *11-*12.
 {¶ 40} Here, the issue is not the decision to board the K-9 at Allen's home. The issue is Allen's decision to let the dog roam free to relieve itself and enter appellants' property.[2] Thus, Perry is inapposite of the issue in this case.
 {¶ 41} Furthermore, there is no evidence of record that Allen's decision or judgment concerned the "acquisition" or "use" of equipment, supplies, materials, personnel, facilities, or other resources. Appellees had already acquired Mick and there *Page 11 
is no evidence of record, nor do appellees present any argument to establish, how allowing a dog to relieve itself constitutes "use." Surely, appellees' decision on where to house Mick cannot insulate them from liability on any conceivable injury flowing, no matter how tangentially, from that decision. Thus, appellees' attempt to reinstate immunity under R.C. 2744.03(A)(5) would not succeed under these facts.
 {¶ 42} Notwithstanding the foregoing analysis, our independent review of the record and the law leads us to the conclusion that R.C.2744.03(A)(3) applies to preclude liability. R.C. 2744.03(A)(3) allows a political subdivision to reassert immunity where Allen's acts or omissions were "within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." Id.
 {¶ 43} Under the circumstances, we hold the political subdivision is immune from liability because Allen was using his discretion with respect to establishing a policy or plan on how to manage the dog's relief habits. As Allen was the officer caring for and supervising Mick, he was charged with such responsibilities and, the record indicates, the manner in which he fulfilled them was well within his discretion by virtue of his position. We therefore hold the trial court did not err in granting summary judgment in appellees' favor. There is no genuine issue of material fact regarding appellees' liability for the injuries caused by Allen's alleged acts or omissions.
 {¶ 44} Appellants next argue appellees are subject to liability under R.C. 2744.02(B)(5) because R.C. 955.28(C) imposes absolute liability on the owner, keeper, or harborer of a dog. We disagree. *Page 12 
 {¶ 45} While there can be no dispute that appellees are Mick's owners, keepers, or harborers, nothing in R.C. 955.28(C) expressly imposes liability on a political subdivision. Perry, supra, at 16. See, also, f.n. 1, supra. Thus, appellees are not subject to liability under R.C.2744.02(B)(5). See, Dolis v. City of Tallmadge, 9th Dist. No. 21803,2004-Ohio-4454, ¶ 12.
 {¶ 46} Appellants' third assignment of error lacks merit.
 {¶ 47} For the foregoing reasons, appellants' first assignment of error is well taken, appellants' second assignment of error is well-taken in part, and overruled in part, and appellants' third assignment of error is overruled. Therefore, the judgment of the Ashtabula County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this opinion.
[1] In Perry v. Eastlake (Feb. 16, 1996), 11th Dist. No. 95-L-111, 1996 Ohio App.LEXIS 507, this court addressed the application of R.C.955.28(B) to a dog bite scenario involving a police dog. InPerry, the plaintiff-appellant was attempting to hold the political subdivision liable under R.C. 2744.02(B)(5). In rejecting the plaintiffs-appellant's argument this court aptly reasoned that the dog bite statute does not contain any language expressly creating liability upon a political subdivision. Id. at *16. Here, R.C. 955.28(B) does expressly impose civil liability on a dog "keeper," such as Allen, where the dog causes injury to another.
[2] The evidence of record shows the dog would relieve itself on property purported to be owned by Allen's landlord.
WILLIAM M. O'NEILL, J., concurs in part, dissents in part with Concurring/Dissenting Opinion.
DIANE V. GRENDELL, J., concurs in part, dissents in part with Concurring/Dissenting Opinion.